15

FILED

APR 05 2017

JUDGE JORGE LUIS ALONSO
United States District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **NO. 16 CR 521** |
| | ) | **Honorable Judge Alonso** |
| **DANIEL RAYMOND GLAUS** | ) | |

## DEFENDANT'S PLEA DECLARATION

The defendant, DANIEL R. GLAUS, acknowledges and states the following:

1. The Indictment in this case charges Mr. Glaus with International Parental Kidnapping, in violation of 18 U.S.C. 1204 (a), and Using a Passport Obtained by False Statements, in violation of 18 U.S.C. Section 1542.

2. Mr. Glaus has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. Mr. Glaus fully understands the nature and elements of the crimes with which he has been charged.

4. Mr. Glaus agrees to enter a voluntary plea of guilty to both counts of the Indictment.

5. Mr. Glaus will plead guilty because he is in fact guilty of the charges contained in the Indictment.

6. In pleading guilty, Mr. Glaus admits that on or about June 16, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, he removed Minor Child A from the United States with the intent to obstruct the lawful exercise of parental rights of Minor Child A's mother, by failing to return

Minor Child A at the conclusion of his court-ordered visitation. He further admits that he obtained and used a passport for Minor Child A that was obtained by reason of a false statement, namely that Minor Child A's passport had been lost.

## **Maximum Statutory Penalties**

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

   a. Count I - A maximum sentence of three years' imprisonment. This offense also carries a maximum fine of $250,000.00. Defendant further understands that the judge also must impose a term of supervised release of not more than one year.

   b. Count II – A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000.000. Defendant further understands that the judge also must impose a term of supervised release of not more than three years.

   c. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charges to which he has pled guilty, in addition to any other penalty imposed.

8. Mr. Glaus understands that in imposing sentence, the Court will be guided by the United States Sentencing Guidelines. Mr. Glaus understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence. The sentencing

guidelines to be considered in this case are those in effect at the time of sentencing.

9. Mr. Glaus understands the government calculates the guidelines as follows (the Defendant does not necessarily agree with the government):

a. Offense Level Calculations:

i. The base offense level for Court is 14, pursuant to Guideline 2 J1.2(a).

ii. The offense level is increased 3 levels because the offense resulted in substantial interference with the administration of justice, pursuant to Guideline 2 J1.2(b)(2).

iii. The offense level is increased 2 levels because the defendant altered a State court order, pursuant to Guideline 2 J1.2(b)(3).

iv. Court II – The base offense level is 8, pursuant to Guideline 2 L2.2.

v. The offense level is increased by 4 levels because the defendant fraudulently obtained or used a United States passport, pursuant to Guideline 2 L2.2(b)(3).

vi. Mr. Glaus believes that Count II is governed by Guidelines 2 X1.1(a) and 2 J1.2.

vii. The Government believes the Counts should be grouped. Mr. Glaus disagrees.

10. Mr. Glaus believes he has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and deserves two-level reduction in the offense level, pursuant to 3E1.1(a).

11. In accord with Guideline 3E1.1(b), Mr. Glaus has notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. Therefore, as provided by Guideline 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that Mr. Glaus is entitled to a two-level reduction for acceptance of responsibility, the government should move for an additional one-level reduction in the offense level.

12. Criminal History Category: Preliminary calculations indicate that Mr. Glaus' criminal history points equal 0, resulting in a criminal history category I.

13. Anticipated Advisory Sentencing Guidelines Range: Because of disputed factors, an advisory Sentencing Guideline Range cannot accurately be calculated at this time. The defendant understands that the government believes the advisory Sentencing Guideline Range is offense level is 17, he has a criminal history category of I, which yields a sentencing range of 24 to 30 months.

14. Mr. Glaus acknowledges that the validity of his plea is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and he shall not have a right to withdraw his plea on the basis of the Court's

acceptance or rejection of these calculations, or agreement with different calculations.

15. Mr. Glaus understands the parties are free to recommend whatever sentence each deems appropriate.

16. Mr. Glaus understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Glaus understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. 3553(a)(4), along with the other required factors under 18 U.S.C. 3553(a).

17. The parties understand that this court is neither a party to nor bound by these guidelines =and may impose a sentence up to the maximum penalties stated above.

18. This plea is entirely voluntary and represents the entire agreement, such as it is, between Mr. Glaus and the United States Attorney.

19. Mr. Glaus acknowledges that by pleading guilty, he forfeits certain rights, including trial by jury or bench.

    a. In a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualifications is shown, or without

cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

b. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

c. At trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

d. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference

of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

20. Mr. Glaus understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Mr. Glaus admits he is guilty and agrees that he should be found guilty. Mr. Glaus' attorney has explained these rights to him, and the consequences of his waiver of these rights. Mr. Glaus further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of his plea of guilty or the sentence.

21. Should this Court refuse to accept Mr. Glaus' plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceeding pursuant to Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.

22. Mr. Glaus understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are lawful and appropriate.

23. Mr. Glaus agrees that this Plea Declaration shall be filed and become part of the record of the case.

24. Mr. Glaus and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty.

25. Mr. Glaus further acknowledges that he has carefully reviewed each provision of this Plea Declaration with his attorney.

Signed this 5th day of April, 2017

Daniel R. Glaus

Steven A. Greenberg
Attorney for Defendant
53 W. Jackson Street, Suite 1260
Chicago, Illinois 60604
(312) 879-950