**IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 16 CR 521** |
| **v.** | ) | |
| | ) | **Honorable Jorge L. Alonso** |
| **DANIEL RAYMOND GLAUS** | ) | |

**DEFENDANT DANIEL RAYMOND GLAUS'
MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

Defendant DANIEL RAYMOND GLAUS, by the Federal Defender Program and its attorney KIMBERLY-CLAIRE SEYMOUR, respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 3142(c)(3) for entry of an order modifying his conditions of supervised release. Specifically, Mr. Glaus requests that he be permitted to obtain a passport and reside with his wife in Thailand under inactive supervision. In support of his request, Mr. Glaus states the following:

1. In 2017, Mr. Glaus was sentenced to twenty-eight months' imprisonment following his conviction for international parental kidnapping (Count One) and making a false statement in a passport application (Count Two). Dkt No. 52. This Court also imposed a total three-year term of supervised release, with mandatory and special conditions, and a fine of $15,758. *Id*. The conditions of Mr. Glaus' supervised release include: prohibition from having unapproved contact with his ex-wife and child and from visiting places that they frequent (Discretionary Condition No. 6); participation in a mental health treatment program (Discretionary Condition No. 9); participation in parenting education and domestic violence intervention programs (Special Conditions Nos

14, 15); and submission to location monitoring for at least six months (Special Condition No. 16). Mr. Glaus began his term of supervised release over one year ago, on July 20, 2018.

2. Over the past year of his supervised release, Mr. Glaus has successful met and fulfilled the conditions of his supervision: he has had no contact with his ex-wife and child, he has completed courses in parenting and domestic violence, he has actively and meaningfully engaged in mental health treatment, he has paid over 50% of his fine, and he completed six months on GPS electronic monitoring.

3. Mr. Glaus commendably adhered to his supervised release conditions despite significant challenges. Mr. Glaus has no support network in this district, nor in the United States, to assist him through his adjustment on supervision. His parents are deceased and he has no other relatives or friends stateside. He suffers from a serious neck and spinal injury that has made gainful employment unfeasible, as he experiences pain, tingling, and swelling in his extremities when standing for even short periods of time. He underwent spinal surgery in February 2019, recovered on his own, and is being evaluated for yet another surgery that—if recommended—would take place this fall. Mr. Glaus lives alone in Waukegan and collects disability.

4. Mr. Glaus' only source of support is from his wife, who resides in Thailand. She not only provides positive emotional support, but she also contributes financially to Mr. Glaus' living expenses. She sends Mr. Glaus a monthly stipend to cover his care and living expenses, as well as his financial obligations resulting from his judgment.

5. Mr. Glaus believes, and Probation agrees, that allowing him to reside in Thailand with his wife would best facilitate his successful completion of supervision. Living with his wife would mitigate both the mental and physical health ailments he has experienced, as his isolation in this district has only exacerbated his depression and prolonged his post-surgery recovery. With permission to reside in Thailand, Mr. Glaus will save on living expenses and be better able to satisfy his court-ordered financial obligations. Finally, Mr. Glaus' relocation to Thailand would mitigate any risk of contact with his ex-wife and son, who continue to reside in the United States.

6. For these reasons, and in light of the fact that Mr. Glaus has satisfied every condition of his supervision, Mr. Glaus humbly requests that he be permitted to obtain a passport and to relocate to Thailand. He further requests that the Court permit the Probation Office to modify his supervision to "inactive status" and order that Mr. Glaus participate in electronic reporting from abroad. Mr. Glaus suggests that the Court set a status in twelve months to apprise the Court of his compliance with the conditions of his supervised release.

7. Counsel has conferred with Probation Officer Juan Tapia regarding this request. Mr. Tapia is in full support of Mr. Glaus' proposed relocation. Counsel also apprised the government, by AUSA Kartik Raman, of this request, but she has not received a response to date.

WHEREFORE, Mr. Glaus respectfully requests that the conditions of his supervised release be modified to allow him to acquire a passport, reside in Thailand, and report to Probation electronically while on inactive status.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy, Executive Director

By: */s/ Kimberly-Claire Seymour*
Kimberly-Claire Seymour
Counsel for Daniel Raymond Glaus

KIMBERLY-CLAIRE SEYMOUR
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8300

## CERTIFICATE OF SERVICE

The undersigned, Kimberly-Claire Seymour , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT DANIEL RAYMOND GLAUS' MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail/hand delivery on September 3, 2019, to counsel/parties that are non-ECF filers.

Juan Tapia
United States Probation
230 S. Dearborn Street
Suite 3400
Chicago, IL 60604

By: *s/ Kimberly-Claire Seymour*

Kimberly-Claire Seymour
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603
(312) 621-8300